**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC, | ) ) ) ) | Case No. 1:26-cv-2671 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NIKO LOGISTICS CORPORATION and ROBERT MICOV, | ) ) ) | |
| Defendants. | ) ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC ("PNC"), by and through counsel, and for its Verified Complaint for Replevin and Money Damages against Niko Logistics Corporation ("Niko Logistics"), and Robert Micov ("Micov") (collectively, the "Defendants"), states as follows:

**PARTIES**

1.      PNC Bank, National Association is a national banking association and is the successor to PNC Equipment Finance, LLC as a result of the merger on May 1, 2022. PNC's main office is located in Wilmington, Delaware.

2.      Niko Logistics is an Illinois corporation with its principal place of business located at 2011 Maplewood Circle, Naperville, Illinois 60563.

3.      Micov is a citizen of the State of Illinois who resides at 2011 Maplewood Circle, Naperville, Illinois 60563.

1

4. Upon information and belief, Micov is not subject to the Servicemembers Civil Relief Act. See Declaration as to Military Service (the "Micov Declaration"), attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to PNC's claims occurred in this judicial district, and because the Defendants reside in this judicial district.

## FACTS COMMON TO ALL COUNTS

### A.    First Agreement No. xx8009

7. On or about May 19, 2023, PNC, as lender, and Niko Logistics, as borrower, entered into Loan and Security Agreement No. xx8009 (the "First Agreement") wherein PNC financed Niko Logistics' acquisition of: One (1) 2024 Peterbilt 579 Truck, VIN: 1XPBDP9X4RD880274 (the "First Equipment"). A true and correct copy of the First Agreement is attached hereto as Exhibit 2.

8. Pursuant to the First Agreement, Niko Logistics agreed to make sixty (60) consecutive monthly payments of $3,641.09, plus applicable taxes. See Exhibit 2.

9. As set forth in the First Agreement, Niko Logistics granted PNC a first priority security interest in the First Equipment. See Exhibit 2, ¶ 6.

10. PNC perfected its security interest in the First Equipment. A true and correct copy of the Certificate of Title for the First Equipment is attached hereto as Exhibit 3.

2

11. To induce PNC to enter into the First Agreement, Micov executed a Personal Guaranty (the "First Guaranty") wherein Micov guaranteed the full and prompt payment and performance of all of Niko Logistics' obligations to PNC. A true and correct copy of the First Guaranty is attached hereto as Exhibit 4.

12. Niko Logistics made twenty-two (22) of the sixty (60) payments due under the First Agreement.

13. Niko Logistics failed to make the payment due under the First Agreement on May 1, 2025, and all payments due thereafter.

14. Micov failed to make payments as required pursuant to the First Guaranty.

15. Upon the occurrence of default, PNC is entitled to payment of any and all amounts which may be then due and payable, plus all payments remaining through the end of the First Agreement's term discounted at the rate of three percent (3%) per annum, which is $131,835.49, plus interest and other additional amounts payable under the First Agreement. See First Agreement, Paragraph 14, attached as Exhibit 2.

16. PNC is further entitled to payment of late charges of $1,820.55. See First Agreement, Paragraph 3, attached as Exhibit 2.

17. PNC is also entitled to site visit and repossession fees of $500.00. See First Agreement, Paragraph 14, attached as Exhibit 2.

18. PNC is also entitled to NSF fees of $100.00. See First Agreement, Paragraph 3, attached as Exhibit 2.

19. PNC is also entitled to prejudgment interest at the rate of 18% per annum incurred from the date of default until entry of judgment. See First Agreement, Paragraph 20, attached as Exhibit 2.

20. PNC is further entitled to attorneys' fees and costs under the First Agreement. See First Agreement, Paragraph 14, attached as Exhibit 2.

21. Upon an event of default, PNC is also entitled to possession of the First Equipment. See First Agreement, Paragraphs 14 and 15, attached as Exhibit 2.

22. Niko Logistics has failed and refused to make payment due and owing under the First Agreement despite demand.

23. Niko Logistics has failed and refused to return the First Equipment despite demand.

**B.** **Second Agreement No. xx0281**

24. On or about July 20, 2023, PNC, as lender, and Niko Logistics, as borrower, entered into Loan and Security Agreement No. xx0281 (the "Second Agreement") wherein PNC financed Niko Logistics' acquisition of: Five (5) 2024 Great Dan 53' Composite Dry Van Trailers, VINs: 1GR1P0622RJ522389, 1GR1P0629RJ522390, 1GR1P0620RJ522391, 1GR1P0622RJ522392, and 1GR1P0624RJ522393 (the "Second Equipment"). A true and correct copy of the Second Agreement is attached hereto as Exhibit 5.

25. Pursuant to the Second Agreement, Niko Logistics agreed to make sixty (60) consecutive monthly payments of $4,935.55, plus applicable taxes. See Exhibit 5.

26. As set forth in the Second Agreement, Niko Logistics granted PNC a first priority security interest in the Second Equipment. See Exhibit 5, ¶ 6.

27. PNC perfected its security interest in the Second Equipment. True and correct copies of the Certificates of Title for the Second Equipment are attached hereto as Exhibit 6.

28. To induce PNC to enter into the Second Agreement, Micov executed a Personal Guaranty (the "Second Guaranty") wherein Micov guaranteed the full and prompt payment and

4

performance of all of Niko Logistics' obligations to PNC. A true and correct copy of the Second Guaranty is attached hereto as Exhibit 7.

29.     Niko Logistics made twenty (20) of the sixty (60) payments due under the Second Agreement.

30.     Niko Logistics failed to make the payment due under the Second Agreement on May 1, 2025, and all payments due thereafter.

31.     Micov failed to make payments as required pursuant to the Second Guaranty.

32.     Upon the occurrence of default, PNC is entitled to payment of any and all amounts which may be then due and payable, plus all payments remaining through the end of the Second Agreement's term discounted at the rate of three percent (3%) per annum, which is $187,648.94, plus interest and other additional amounts payable under the Second Agreement.  See Second Agreement, Paragraph 14, attached as Exhibit 5.

33.     PNC is further entitled to payment of late charges of $2,467.75.  See Second Agreement, Paragraph 3, attached as Exhibit 5.

34.     PNC is also entitled to site visit and repossession fees of $500.00.  See Second Agreement, Paragraph 14, attached as Exhibit 5.

35.     PNC is also entitled to NSF fees of $100.00.  See Second Agreement, Paragraph 3, attached as Exhibit 5.

36.     PNC is also entitled to prejudgment interest at the rate of 18% per annum incurred from the date of default until entry of judgment.  See Second Agreement, Paragraph 20, attached as Exhibit 5.

37.     PNC is further entitled to attorneys' fees and costs under the Second Agreement. See Second Agreement, Paragraph 14, attached as Exhibit 5.

38.     Upon an event of default, PNC is also entitled to possession of the Second Equipment. See Second Agreement, Paragraphs 14 and 15, attached as Exhibit 5.

39.     Niko Logistics has failed and refused to make payment due and owing under the Second Agreement despite demand.

40.     Niko Logistics has failed and refused to return the Second Equipment despite demand.

<div align="center">

**COUNT I**
**BREACH OF CONTRACT AGAINST NIKO LOGISTICS CORPORATION**

</div>

41.     PNC repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42.     PNC has fully performed its obligations under the First Agreement and Second Agreement (collectively the "Agreements").

43.     Niko Logistics defaulted under the Agreements by failing to make all necessary payments when due.

44.     As a result of Niko Logistics' payment default under the Agreements, PNC is entitled to payment of $319,484.43, plus late charges of $4,288.30, site visit fees and repossession fees of $1,000.00, NSF fees of $200.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC respectfully requests that this Court enter Judgment in its favor and against Niko Logistics Corporation in the amount of $319,484.43, plus late charges of $4,288.30, site visit fees and repossession fees of $1,000.00, NSF fees of $200.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs, and all other relief which this Court deems just and proper.

## COUNT II
### BREACH OF GUARANTY AGAINST ROBERT MICOV

45. PNC repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Micov defaulted under the First Guaranty and Second Guaranty (collectively the "Guaranties") by failing and refusing to make payment when due under the Agreements and the Guaranties thereof.

47. As a result of Micov's. payment default under the Guaranties, PNC is entitled to payment in the amount of $319,484.43, plus late charges of $4,288.30, site visit fees and repossession fees of $1,000.00, NSF fees of $200.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC respectfully requests that this Court enter Judgment in its favor and against Robert Micovin the amount of $319,484.43, plus late charges of $4,288.30, site visit fees and repossession fees of $1,000.00, NSF fees of $200.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs, and all other relief which this Court deems just and proper.

## COUNT III
### REPLEVIN AGAINST NIKO LOGISTICS CORPORATION

48. PNC repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. This Count is brought pursuant to 735 ILCS § 5/19-101, *et seq*., made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64.

50. PNC has a first priority security interest in the First Equipment: One (1) 2024 Peterbilt 579 Truck, VIN: 1XPBDP9X4RD880274; and the Second Equipment: Five (5) 2024 Great Dan 53' Composite Dry Van Trailers, VINs: 1GR1P0622RJ522389, 1GR1P0629RJ522390,

1GR1P0620RJ522391, 1GR1P0622RJ522392, and 1GR1P0624RJ522393 (collectively the "Equipment").

51.    As a result of Niko Logistics' default under the Agreements, PNC is entitled to possession of the Equipment.  See Agreements, Paragraph 15, attached as Exhibits 2 and 5.

52.    PNC has been unable to secure the Equipment by peaceful means.

53.    Niko Logistics is wrongfully and unlawfully detaining the Equipment from PNC.

54.    The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff.

55.    PNC has made demand upon Niko Logistics for the return of the Equipment, but Niko Logistics has failed and refused to return same.

56.    PNC will suffer irreparable damages if the Equipment is not returned to PNC.

57.    PNC estimates the value of the First Equipment at $130,000.00, depending on market and condition.

58.    PNC estimates the value of the Second Equipment at $175,000.00, depending on market and condition.

59.    Upon information and belief, the Equipment is located at 2011 Maplewood Circle, Naperville, Illinois 60563.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC respectfully requests that this Court entered an Order directing the U.S. Marshal, or any other designated officer, to use all necessary force to repossess the Equipment, or any portion thereof from Niko Logistics Corporation at 2011 Maplewood Circle, Naperville, Illinois 60563, or wherever it may be found, and enter a judgment against Niko Logistics

Corporation for the value of any portion of the Equipment not so returned, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV
## <u>DETINUE AGAINST NIKO LOGISTICS CORPORATION</u>

60.     PNC repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61.     The Equipment is in Niko Logistics' possession and control.

62.      PNC is entitled to possession of the Equipment due to the payment default under the Agreements.  <u>See</u> Agreements, Paragraphs 14 and 15, attached as Exhibit 2 and 5.

63.     Niko Logistics is wrongfully retaining possession of the Equipment, because Niko Logistics defaulted under the terms of the Agreements by failing to make timely payments when due, and Niko Logistics has failed to surrender the Equipment despite demand.

WHEREFORE, Plaintiff PNC Bank, National Association, successor by merger to PNC Equipment Finance, LLC respectfully requests that this Court entered an Order compelling Niko Logistics Corporation to surrender the Equipment to PNC at a place and time directed by PNC within fourteen (14) days of this Court's entry of judgment.

<div style="margin-left:40%">

PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC Equipment Finance, LLC

By:     /s/ C. Randall Woolley
C. Randall Woolley
Darcy & Devassy PC
444 N. Michigan Ave, Suite 3270
Chicago, IL 60611
Tel: (312) 784-2400
Fax; (312) 784-2410
rwoolley@darcydevassy.com

</div>

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Verified Complaint for Replevin and Money Damages are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

Declared under penalty of perjury this _____ day of _____ , 2026.

Michael McGinley
Vice President - Litigation and Recovery
PNC Bank, National Association, successor
by merger to PNC Equipment Finance, LLC